# CIRCUIT COURT OF FAIRFAX COUNTY

Poplar Place
Homeowners Association

v.

Virginia Department of Housing
and Community Development,
State Building Code
Technical Review Board, *et al.*

September 11, 2015

Case No. CL-2015-6813

BY JUDGE STEPHEN C. SHANNON

This Petition for Appeal ("Petition") by the Poplar Place Homeowners Association ("Petitioner") came before the Court on August 14, 2015, following a March 20, 2015, Final Order of the State Building Code Technical Review Board ("TRB"). The Court finds that the TRB lacks jurisdiction to hear cases involving local fire code violations following a final determination by a Local Board of Fire Prevention Code Appeals. Accordingly, the Petition is denied.

## Background

On August 19, 2014, the Fairfax County Board of Building Code Appeals ("BCA") rendered a final determination ("BCA Decision") sustaining a citation issued to Petitioner by the Fairfax County Fire Marshal for an alleged violation of the County Fire Code. The BCA Decision advised Petitioner to file an appeal with the TRB within twenty-one days of receipt of the BCA Decision, which the County now contends was in error. Without holding a hearing on the merits, the TRB held, as a matter of law, that it did not have jurisdiction to hear appeals from the BCA involving violations of the County Fire Code. Petitioner then filed an appeal with this Court, seeking a ruling that the TRB has jurisdiction to hear its case and asking this Court to remand the case to the TRB for further proceedings.

The salient arguments of the respective parties are as follows. Petitioner maintains that the Statewide Fire Prevention Code ("SFPC"), the regulations promulgated by the Virginia Board of Housing and Community Development pursuant to Virginia Code § 27-97, provides a right of appeal to the TRB. Under Virginia Code § 36-114, the TRB has jurisdiction to hear "all appeals from decisions arising under application of . . . the Fire Prevention Code adopted under the Statewide Fire Prevention Code Act." SFPC § 112.9 states in part "After a final determination by the BFPCA ("Local Board of Fire Prevention Code Appeals"), any person who was a party to the local appeal may appeal to the TRB." Petitioners were cited with a County Fire Code violation, received a BCA Decision, which is a decision from the applicable Local Board of Fire Prevention Code Appeals, and thereafter appealed to the TRB in a timely manner. Petitioner also points out several provisions of the SFPC in which local ordinances are referenced alongside references to state regulations in support of the argument that the SFPC affords appeal rights to the TRB for violations of both local ordinances and the SFPC following a final determination by the BCA.

The Virginia Department of Housing and Community Development, State Technical Review Board ("Respondent") asserts that the TRB lacks jurisdiction to hear appeals from local boards regarding violations of local regulations, and Fairfax County agrees with this position. Respondent maintains that state law only allows the TRB to review cases involving local ordinances in one limited circumstance, namely, where a local jurisdiction lacks a local appeal process for reviewing the matter. Otherwise, its jurisdiction over fire codes is limited to review of state law violations. This limited expansion of authority to review local ordinances was the result of the Virginia General Assembly's amendment to Virginia Code § 27-98 in 2010. Respondent asserts that, had the Virginia General Assembly sought to expand the TRB's authority to include cases from local appeal boards involving local regulations, the 2010 amendment would have specifically provided for such authority. As for the language of SFPC § 112.9, Respondent asserts that this section deals with the TRB's authority to hear SFPC cases deriving from local appeal boards or cases involving local ordinances without a local appeal board, not a scenario in which a local jurisdiction elects to create its own fire code and establish a local appeal process for hearing these cases.

*Analysis*

The purpose of the Statewide Fire Prevention Code Act is to provide statewide standards for protecting the public from the dangers of fire or explosion due to unsafe use, maintenance, or storage of fire-related equipment and to authorize optional local enforcement of the statewide standards. Va. Code § 27-96. To this end, the Board of Housing and Community Development is empowered to promulgate a Statewide Fire

Prevention Code. *Id.* at § 27-97. Both the State Fire Marshal and local governments are authorized to enforce the SFPC. *Id.* at § 27-98. In addition, local governments are empowered to adopt local fire regulations more restrictive than the SFPC. *Id.* at § 27-97.

The Statewide Building Code Technical Review Board is part of the Department of Housing and Community Development. *Id.* at §§ 36-97, 36-108. The TRB is charged with hearing appeals from decisions arising under the SFPC, which is the state fire prevention code adopted under the Statewide Fire Prevention Code Act (Virginia Code §§ 27-94 *et seq.*). *Id.* at §§ 36-97, 36-108, 36-114. An appeal concerning the application of the SFPC by a local enforcement agency lies first with the applicable local board of appeals and then with the TRB. In contrast, an appeal from a State Fire Marshal's decision regarding SFPC violations lies first with the TRB. *Id.* at § 27-98.

In 2010, the Virginia General Assembly amended Virginia Code § 27-98 to add the following language: "Any local fire code may provide for an appeal to a local board of appeals. If no local board of appeals exists, the [TRB] shall hear appeals of any local fire code violation." A review of the record indicates that the catalyst for this legislative amendment was a TRB decision denying relief to a Fairfax homeowners association on jurisdictional grounds, holding that the TRB lacked authority to review the County Fire Marshal's application of a local fire prevention regulation, as the violation involved a County Code provision, not the SFPC. *In re Appeal of Runnymeade Homeowners Ass'n*, Appeal No. 06-15 (State Building Code Technical Review Board, Sept. 18, 2009).

The SFPC tracks the State Fire Prevention Code Act. For example, the SFPC states that "the purpose[] . . . of the SFPC [is] to provide for statewide standards. . . ." SFPC § 101.3. It also states that "[a]ny local governing body may adopt fire prevention regulations that are more restrictive or more extensive in scope than the SFPC . . ." and that "[a]ny local government may enforce the SFPC following official action by such body." *Id.* at §§ 101.5, 104.1. Furthermore, it provides that "the State Fire Marshall shall also have the authority . . . to enforce the SFPC." *Id.* at § 104.2.

SFPC §§ 112.1 through 112.9.2 address appeals to the Local Board of Fire Prevention Code Appeals. If a local governing body enforces the SFPC, it must have a local appeal board capable of hearing cases involving the SFPC. *Id.* at § 112.1. Section 112.5, entitled "Application for Appeal," incorporates the part of Virginia Code § 27-98 that addresses local appeal boards hearing cases involving the SFPC. Beneath SFPC § 112.5 is the following Note, which references the 2010 amendment to Virginia Code § 27-98: "In accordance with Section 27-98 of the Code of Virginia, any local fire code may provide for an appeal to a local board of appeals. If no local board of appeals exists, the TRB shall hear appeals of any local code violation." Excluding the aforementioned Note, SFPC § 112.5 deals

exclusively with cases involving the SFPC when such cases are heard by local appeal boards.

Section 112.9, entitled "Appeal to the TRB," states in part:

> After final determination by the BFPCA, any person who was a party to the local appeal may appeal to the TRB. Application shall be made to the TRB within 21 calendar days of receipt of the decision to be appealed. Application for appeal to the TRB arising from the [State Fire Marshal's Officer]'s enforcement of the code *or from any local code violation if no local board of appeals exists* shall be made to the TRB within 14 calendar days. . . .

SPFC § 112.9 (emphasis added).

When read in conjunction with § 112.5, and excluding the italicized language, this provision appears to refer to cases involving the application of the SFPC. The italicized language tracks the Note beneath § 112.5, which was added to reflect the 2010 amendment to Virginia Code § 27-98.

A common canon of statutory construction provides that mention of a specific item in a statute implies that an omitted item was not intended to be included within the scope of the statute. The 2010 amendment to Virginia Code § 27-98 specifically authorizes the TRB to hear appeals of any local fire code violation if no local board of appeals exists. It does not authorize the TRB to hear any appeal concerning the application of any local fire code violation following a final decision by a BFPCA.

Moreover, for questions of law "involv[ing] an interpretation which is within the specialized competence of the agency . . . [where] the agency has been entrusted with wide discretion by the General Assembly, the agency's decision is entitled to special weight in the courts." See *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 244, 369 S.E.2d 1 (1988). The TRB is part of the Department of Housing and Community Development, whose Board promulgated the SFPC. The Court finds that its interpretation of SFPC § 112.9 is reasonable.

## Conclusion

The Court recognizes that its interpretation of the relevant statutes and the SFPC affords some groups charged with violating local fire code regulations access to the TRB, while leaving others without such access to the TRB. Yet fundamentally, the expansion of the TRB's jurisdiction pursuant to the 2010 amendment to Virginia Code § 27-98 reflected a policy decision by the Virginia General Assembly. The Legislature can further expand the TRB's jurisdiction, but that is not the role of this Court when the rationale for doing so would be grounded in policy considerations.